UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT FRANK,

        Plaintiff,

-vs-

VISIONS MULTI MEDIA GROUP—
WUFO RADIO LLC,

        Defendant.

**COMPLAINT**

Case No. 1:17-CV-_____

**JURY TRIAL DEMANDED**

---

Plaintiff, Robert Frank, by his attorney, Law Offices of Larry Kerman, for his complaint against Defendant, Visions Multi Media Group-WUFO Radio LLC ("WUFO"), alleges as follows:

### PRELIMINARY STATEMENT

1. This action is brought pursuant to Title VII of the Civil Right Act of 1990 (Title VII), as amended, which protects individuals against discrimination on the basis of religion and gender. Plaintiff additionally asserts pendent claims under the New York Human Rights Law, New York Executive Law §290, et seq. The pendent claims arise out of the same operative facts as the Federal claims. Plaintiff seeks legal and/or equitable relief against Defendant for Defendant's discrimination against him on the basis of his religion and gender when Defendant unlawfully terminated his employment. The specific relief sought by Plaintiff includes damages for past and prospective loss of wages and benefits, compensatory damages including mental anguish and emotional distress, punitive damages, reinstatement, interest, costs and attorneys' fees.

### PARTIES

2. At all times hereinafter mentioned, Plaintiff was and is a citizen of the United States, and was or is a resident of Erie County, New York, and/or North Carolina.

3. Upon information and belief, at all times hereinafter mentioned, Defendant, WUFO, was and is a New York limited liability company, with its principal place of business

located in Buffalo, Erie County, New York, and was an employer within the meaning of 42 USC §2000e(b) and New York Executive Law §292.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is founded on the existence of a question arising under particular Federal statutes, pursuant to 28 USC §1331. This action arises under 42 USC 2000e-5. Plaintiff invokes the supplemental jurisdiction of this Court to determine the state law claims raised herein, pursuant to 28 USC §1367.

5. Venue in the Western District of New York is proper pursuant to 28 USC 1391(b), because the claims arose in this judicial district.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have been satisfied. A charge alleging unlawful discrimination on the bases of religion and gender was filed by Plaintiff with the Equal Employment Opportunity Commission on or about June 15, 2016.

7. In a Determination dated April 21, 2017, the EEOC determined that Defendant, WUFO, had discriminated against Plaintiff based on his religion and gender, stating, "the Commission has given credit to Changing Party's allegations of gender and religious discrimination in that he was subjected to hostile work environment and terminated, in violation of Title VII of the Civil Rights Act of 1964, as amended."

8. By letter dated May 23, 2017, the EEOC issued Plaintiff his Notice of Right to Sue with respect to his charge. Such letter was received by Plaintiff within a few days thereafter. This suit was filed within 90 days of such receipt (and also within 90 days of the mailing of such letter).

9. The EEOC letter stated that the EEOC "found that you were discriminated against in violation of Title VII."

## FOR A FIRST CLAIM

10. At all times hereinafter mentioned, Defendant, WUFO, was engaged in the operation of an AM radio station, in an industry affecting commerce, and had fifteen (15) or more

2

employees for each working day in each of twenty (20) or more calendar weeks in the then-current or preceding calendar year.

11. Plaintiff was first employed by Defendant, WUFO, on or about January 4, 2016.

12. At all times during his employment by Defendant, WUFO, Plaintiff was qualified for his employment and performed all of the duties of his employment in a professional and competent manner.

13. On or about April 28, 2016, Plaintiff was terminated by Defendant, WUFO.

14. During Plaintiff's employment by Defendant, WUFO, Plaintiff was subjected to numerous comments regarding his religion and gender by Defendant's CEO/Operations Manager, and acting General Manager, Sheila Brown, who is also the majority owner of Defendant, WUFO.

15. Plaintiff was told by Ms. Brown that he was not "God like" and that God had told her that Plaintiff needed to perform in a Christian manner.

16. Ms. Brown would pray with people in the office and pressured Plaintiff to become a member of her religious organization.

17. Ms. Brown would often refer to how women would perform their duties and stress that her preference was working with a female staff.

18. On or about April 28, 2016, Ms. Brown falsely accused Plaintiff of staging a "station takeover" and he was terminated.

19. Such excuse for his termination was blatantly false.

20. Plaintiff had moved from North Carolina to Buffalo, New York, to take this job.

21. Plaintiff rented an apartment in Buffalo, New York, pursuant to a one-year lease.

22. Plaintiff suffered special damages in that he had to pay the balance of said lease even after he was terminated.

23. Defendant opposed and then appealed Plaintiff's application for unemployment insurance but Plaintiff was awarded unemployment insurance, thereby establishing that he was not terminated for misconduct as falsely claimed by Defendant, WUFO, and such opposition and appeal was in retaliation for Plaintiff filing his charge of discrimination.

24. Defendant, WUFO's, decision to terminate Plaintiff's employment was based, in whole or in part, on Plaintiff's religion and/or his gender.

25. By discharging Plaintiff from his employment because of his religion and/or gender, Defendant, WUFO, has engaged in an unlawful discriminatory practice in violation of Title VII.

26. As a direct and proximate result of Defendant WUFO's intentional violation of Title VII, Plaintiff has suffered and continues to suffer damages including, but not limited to, lost wages, lost benefits and emotional distress and depression, for which he has sought and received treatment.

## FOR A SECOND CLAIM

27. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 26 with the same force and effect as if set forth fully herein.

28. By discharging Plaintiff from his employment because of his religion and/or gender, Defendant, WUFO, has engaged in an unlawful discriminatory practice in violation of New York Executive Law §296.

29. As a direct and proximate result of Defendant, WUFO's, intentional violation of New York Executive Law §296, Plaintiff has suffered and continues to suffer damages including, but not limited to, lost wages, lost benefits, and emotional distress and depression.

WHEREFORE, Plaintiff demands:

a. That an injunction be entered against Defendant, WUFO, ordering Defendant to reinstate Plaintiff as an employee in his former position at the same salary that he would currently be earning if not for his termination, and with all the benefits he would be receiving had he not been discharged; and that Defendant thereafter not discriminate against Plaintiff on the

basis of his religion and/or gender; or, alternatively, that Plaintiff be awarded monetary damages equal to the loss of wages and benefits for the remainder of his work expectancy.

  b. That Plaintiff be awarded judgment against Defendant, WUFO, for all monetary damages to which he is entitled, including lost wages and benefits, together with interest on all such damages from April 28, 2016.

  c. That Plaintiff be awarded judgment against Defendant, WUFO, in the amount of $50,000, as compensatory damages including, but not limited to, emotional distress and depression.

  d. That Plaintiff be awarded judgment against Defendant, WUFO, in the amount of $50,000 as punitive damages.

  e. That Plaintiff be awarded judgment against Defendant, WUFO, for interest, reasonable attorneys' fees, and the costs of this action.

  f. That the award to Plaintiff be enhanced to compensate Plaintiff for the negative tax consequences of receiving an award in a single year.

  g. That Plaintiff be granted such other further relief as this Court may deem proper.

DATED: Tonawanda, New York
     August 17, 2017

            LAW OFFICES OF LARRY KERMAN

            By: s/Larry Kerman
              Larry Kerman, Esq.
            Attorney for Plaintiff
            2645 Sheridan Drive
            Tonawanda, New York 14150
            Telephone: (716) 834-9445

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, Robert Frank, hereby demands a trial by jury in this action.

DATED:     Tonawanda, New York
              August 17, 2017

                                      LAW OFFICES OF LARRY KERMAN

                                      By:    s/Larry Kerman
                                            Larry Kerman, Esq.
                                      Attorneys for Plaintiff
                                      2645 Sheridan Drive
                                      Tonawanda, New York 14150
                                      Telephone: (716) 834-9445