**UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK**

```
ROBERT FRANK,                     )
                                  )
        Plaintiff,                )
                                  )
    v.                            )   Case No. 1:17-CV-817
                                  )
VISIONS MULTI MEDIA GROUP – WUFO  )
RADIO LLC,                        )
                                  )
        Defendant.                )
```

## OPINION AND ORDER

Plaintiff Robert Frank brings this case against Visions Multi Media Group-WUFO Radio LLC ("WUFO"), claiming that he was discriminated against on the basis of his religion and his gender when he was terminated from his job. His Complaint seeks monetary damages for lost wages and benefits, compensatory damages for mental anguish and emotional distress, punitive damages, reinstatement, interest, costs and attorneys' fees.

Currently before the Court is Frank's motion for default judgment (ECF No. 13). For the reasons that follow, the Court **denies** the motion for default judgment and orders that the default entered by the clerk (ECF No. 12) be vacated.

### BACKGROUND

The Complaint in this case claims that Frank began working at WUFO on January 4, 2016. During the course of his employment, he was subjected to "numerous comments regarding his

religion and gender" by WUFO's CEO/Operations Manager, acting General Manager, and majority owner, Sheila Brown. Specifically, the Complaint alleges that Ms. Brown: (1) told Frank he was not "God like" and that God had told her he needed to perform in a "Christian manner"; (2) would pray with people in the office and pressured Frank to become "a member" of her religious organization; (3) would often state her preference for working with female staff; and (4) accused Frank of organizing a "station takeover." Frank was terminated on April 28, 2016.

On or about June 15, 2016, Frank filed a charge of unlawful discrimination with the Equal Employment Opportunity Commission ("EEOC"). On April 21, 2017, the EEOC determined that WUFO had discriminated against him, and on May 23, 2017 issued a right to sue letter. Frank filed suit in this Court on August 18, 2017.

WUFO answered the Complaint and filed affirmative defenses. (ECF No. 4). The parties appeared on March 27, 2018 for a scheduling conference, and a pretrial case management order was issued on April 2, 2018. On April 30, 2018, Frank filed a motion to dismiss WUFO's answer based upon opposing counsel's failure to comply with the case management order. (ECF No. 8). On May 17, 2018, the Court issued a text order setting a response deadline of June 18, 2018, and a reply deadline of July 2, 2018. The Court went on to state that should oral argument be necessary, a hearing would be scheduled at a later date. On

June 25, 2018, with no response having been filed, the Court granted as unopposed Frank's motion to dismiss defendant's answer. (ECF No. 10).

On July 10, 2018, Frank applied to the Court to enter default against WUFO pursuant Federal Rule of Civil Procedure 55. (ECF No. 11). In support of his application, Frank submitted an affidavit in which he stated that WUFO had failed to provide mandatory disclosures or comply with mandatory ADR provisions. The clerk's office entered a default on July 11, 2018. (ECF No. 12).

On October 16, 2018, Frank filed a motion for default judgment. A telephonic hearing on said motion was held on January 22, 2019. At the hearing, defendant's counsel asked for additional time to respond to the motion. The Court granted defendant's request and allowed an additional two weeks, with plaintiff being allowed ten days to reply to any response. The Court made it clear that should a response not be filed, it would schedule another hearing and plaintiff was to file a proposed order.

Defendant submitted a response to the motion for default judgment, arguing that due to his heavy trial calendar counsel had "inadvertently failed" to send plaintiff's counsel voluntary discovery. Defendant went on to state that this inadvertent failure did not prejudice plaintiff, nor was it "willful or

3

intentionally done to defy this Court's Order or to protract this litigation."

Defendant's counsel further stated that in addition to the trial demands on his schedule, he became ill on June 2, 2018 with what he believed to be a food born illness, and was subsequently diagnosed with cardiomyoptathy due to fatigue. Counsel was able to take some time off to recuperate before he began another trial on September 26, 2018. In the course of the trial, defense counsel reportedly experienced another medical issue that was diagnosed as vertigo. The trial concluded on October 12, 2018.

Defense counsel contends that he tried to log into his PACER account on January 18, 2019 and that the account was "inactive." He explored the Western District of New York website in search of pleadings in another matter when he first discovered emails notifying him of the hearing scheduled for January 22, 2019 in the instant case. Accordingly, counsel participated in the hearing and has been responsive to the motion for default judgment.

## DISCUSSION

A "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause to relieve a party from default exists, the Second Circuit has directed courts to assess three factors: "(1) whether the

4

default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Because there is a strong preference for resolving disputes on the merits*, New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005), the Rule 55(c) standard is lenient, *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). Accordingly, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

Here, WUFO's counsel first submits that the default was not willful. Willfulness refers to "conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). A court should refuse to vacate a default where there was deliberate conduct, such as "a strategic decision to default." *Am. Alliance Ins. Co., Lt. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996). Here, a confluence of events, including heavy workload and physical illness, resulted in failures to adhere to discovery requirements. There is no indication of deliberate or willful conduct on the part of WUFO's counsel.

WUFO next argues that plaintiff was not injured by its failure to provide voluntary discovery. Frank submits that counsel's conduct has prevented him from pursuing his claims for

5

over a year.  The Second Circuit has held, however, that delay alone is insufficient to show prejudice.  *Enron Oil Corp.*, 10 F.3d at 98.  WUFO also notes that any prejudice arising from a lack of shared discovery is tempered by the fact that plaintiff received his entire employment record in the course of a previous administrative proceeding before the New York Department of Labor.

Finally, WUFO contends that it can present a meritorious defense to the claim of unlawful discrimination.  In order to establish a meritorious defense, a defendant need not prove the defense conclusively.  *See Securities and Exchange Commission v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998).  Rather, the defendant need only present some evidence of facts that, "if proven at trial, would constitute a complete defense."  *Enron Oil*, 10 F.3d at 98. Such evidence must consist of more than conclusory denials.  *See id.; accord Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320-21 (2d Cir.1986) (requiring "underlying facts" to establish the existence of a meritorious defense).  That said, the requirement is subject to a "low threshold" that may be met where defendants "deny all material allegations and stand ready to assert several affirmative defenses."  *Holford USA Ltd. Inc. v. Harvey*, 169 F.R.D. 41, 44 (S.D.N.Y. 1996); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[A]ll that is necessary to establish the

6

existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party."); 10A Fed. Prac. & Proc. Civ. § 2697 (4th ed.) ("The demonstration of a meritorious defense is not expressly called for by the federal rules and, therefore, the nature and extent of the showing that will be necessary is a matter that lies within the court's discretion.").

Here, WUFO submits that Frank created a hostile work environment, and at times became belligerent toward the employees he was tasked with supervising. WUFO further contends that it will discredit Frank's allegations of gender and religion-based discrimination, and that he was in fact terminated after he spoke negatively about the station's owner and tried to have himself installed as the station manager. These facts, if proven, would serve as defenses to Frank's claims of discrimination.

Accordingly, the Court finds that WUFO has satisfied the lenient standard for vacating the entry of default. WUFO's response to the request for a default, construed as a motion to set aside the entry of default, is **granted** and the default entered by the clerk's office is **vacated**. *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("Even if a default had been entered, opposition to a motion for a default judgment can be

7

treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion."). Frank's motion for default judgment is **denied**.

The striking of WUFO's answer will not, however, be set aside. WUFO shall file an answer or other responsive pleading within 30 days of the date of this Opinion and Order. If WUFO fails to file a responsive pleading within that time period, the default will be reinstated. *See, e.g., Oliner v. McBride's Indus., Inc.*, 102 F.R.D. 561, 564 (S.D.N.Y. 1984).

The Court further finds that Frank is entitled to attorney's fees for the time expended on the requests for entry of a default and a default judgment. Courts in this Circuit routinely award such fees when vacating a default. *See, e.g., Nikolaeva v. Home Attendant Servs. of Hyde Park*, 2018 WL 6984837, at *6 (E.D.N.Y. Nov. 16, 2018), *report and recommendation adopted*, 2019 WL 147721 (E.D.N.Y. Jan. 9, 2019) (collecting authorities). Frank's motions were both reasonable and foreseeable. If the parties cannot agree on the amount of such costs and fees, Frank shall submit an affidavit supported by reference to contemporaneous time records.

## CONCLUSION

As explained above, the Court **denies** Frank's motion for a default judgment (ECF No. 13) and **grants** Defendants' motion to vacate the entry of default (ECF No.15). In addition, Plaintiff

is awarded attorney's fees for all time spent in connection with the requests for default and default judgment.

WUFO shall file an answer or other responsive pleading within 30 days.  Discovery in this matter shall be concluded by January 20, 2020, with a motion filing deadline of February 21, 2020, and be trial ready by March 13, 2020.

Dated at Burlington, in the District of Vermont, this 21st day of August, 2019.

/s/ William K. Sessions III  
William K. Sessions III  
District Court Judge