**UNITED STATES DISTRICT COURT**
**FOR THE**
**WESTERN DISTRICT OF NEW YORK**

ROBERT FRANK,
:
     Plaintiff,        :
:
     v.             :     Case No. 1:17-CV-817
:
VISIONS MULTI MEDIA GROUP – WUFO  :
RADIO LLC,            :
:
     Defendant.     :

## OPINION AND ORDER

(ECF 23)

Plaintiff Robert Frank brings this case against Visions Multi Media Group-WUFO Radio LLC ("WUFO"), claiming that he was discriminated against on the basis of his religion and his gender when he was terminated from his job. His Complaint seeks monetary damages for lost wages and benefits, compensatory damages for mental anguish and emotional distress, punitive damages, reinstatement, interest, costs and attorneys' fees.

Currently before the Court is Frank's motion to dismiss WUFO's answer and entry of judgment for Plaintiff. (ECF No. 23). For the reasons that follow, the Court **grants** the motion to dismiss WUFO's answer, and grants to Plaintiff judgment on his complaint.

**BACKGROUND**

In the Complaint, Frank claims that he began working at WUFO on January 4, 2016. During the course of his employment, he was subjected to "numerous comments regarding his religion and gender" by WUFO's CEO/Operations Manager, acting General Manager, and majority owner, Sheila Brown. Specifically, the Complaint alleges that Ms. Brown: (1) told Frank he was not "God like" and that God had told her he needed to perform in a "Christian manner"; (2) would pray with people in the office and pressured Frank to become "a member" of her religious organization; (3) would often state her preference for working with female staff; and (4) accused Frank of organizing a "station takeover." Frank was terminated on April 28, 2016.

On or about June 15, 2016, Frank filed a charge of unlawful discrimination with the Equal Employment Opportunity Commission ("EEOC"). On May 23, 2017 the EEOC issued a right to sue letter. Frank filed suit in this Court on August 18, 2017. WUFO answered the Complaint and filed affirmative defenses. (ECF No. 4). The parties appeared for a scheduling conference, and a pretrial case management order was issued on April 2, 2018. On April 30, 2018, Frank filed a motion to dismiss WUFO's answer based upon opposing counsel's failure to comply with the case management order. (ECF No. 8). On May 17, 2018, the Court issued a text order setting a response deadline of June 18, 2018, and a reply deadline of July 2, 2018. The Court went on to state that should

oral argument be necessary, a hearing would be scheduled at a later date. On June 25, 2018, with no response having been filed, the Court granted as unopposed Frank's motion to dismiss defendant's answer. (ECF No. 10).

On July 10, 2018, Frank applied to the Court to enter default against WUFO pursuant to Federal Rule of Civil Procedure (FRCP) 55. (ECF No. 11). In support of his application, Frank submitted an affidavit in which he stated that WUFO had failed to provide mandatory disclosures or comply with mandatory ADR provisions. The clerk's office entered a default on July 11, 2018. (ECF No. 12). On October 16, 2018, Frank filed a motion for default judgment. Defendant submitted a response to the motion for default judgment, arguing that due to his heavy trial calendar counsel had "inadvertently failed" to send plaintiff's counsel voluntary discovery. Defendant went on to state that this inadvertent failure did not prejudice plaintiff, nor was it "willful or intentionally done to defy this Court's Order or to protract this litigation."

On August 22, 2019, the Court issued an order denying Frank's motion for default judgment. (ECF No. 17). The Court ruled that Defendant's answer would be due within 30 days, that discovery must be concluded by January 20, 2020 and that motions must be made by February 21, 2020. The Court found that Frank was entitled to attorney's fees for time spent on the default

judgment requests and entry. Defendant filed an answer on September 21, 2019.

On February 21, 2020, Frank filed a motion to dismiss defendant's answer and grant judgment to Plaintiff. (ECF No. 23). Frank claims that WUFO never provided the mandatory disclosure required by FRCP 26(a)(1). Frank asks that he be "awarded judgment against Defendant on both liability and for the damages previously put forth before this Court in Plaintiff's Declaration of October 12, 2018 (now to be amended with any and all additional damages that have accrued since the prior submission), plus all of Plaintiff's attorney's fees herein." (ECF No. 23-1).

WUFO filed a response to the motion to dismiss. (ECF No. 25). Defense counsel argues that Plaintiff had received all of the documents he was entitled to when Frank took possession of his work file, that Plaintiff has unclean hands regarding disclosure, and that Plaintiff "knows exactly who those witnesses are and where they are located." *Id.* WUFO asks the Court to allow the matter to proceed to trial.

## DISCUSSION

FRCP Rule 26(a) states that "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties" the information listed out in Rule

26(a)(1)(A)(i)-(iv). Fed. R. Civ. P. 26(a)(1)(A). This action does not fall under one of the categories exempted by Rule 26(a)(1)(B).

FRCP Rule 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a)," the court may, "on motion and after giving an opportunity to be heard," impose appropriate sanctions "including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1). Under Rule 37(b)(2)(A)(v), a court may dismiss "the action or proceeding in whole or in part" and under Rule 37(b)(2)(A)(vi), a court may render "a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi).

District courts have discretion to impose the severe sanction of dismissal or default judgment against parties who fail to disclose under Rule 26. *See, e.g., Design Strategy, Inc. v. Davis,* 469 F.3d 284, 294 (2d Cir. 2006) ("A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37, and its ruling will be reversed only if it constitutes an abuse of discretion"); *Brennan-Centrella v. Ritz-Craft Corp.*, 788 F. App'x 799, 803 (2d Cir. 2019) ("Federal Rule of Civil Procedure 37 permits the court to sanction a party that fails to make the disclosures that Federal Rule of Civil Procedure 26 requires.")

5

(citing Fed. R. Civ. P. 37(c)(1)); *Owen v. No Parking Today, Inc.,* 280 F.R.D. 106, 110 (S.D.N.Y. 2011) ("These sanctions mentioned in Rule 37(c)(1)(C) include orders '(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; … (iii) striking pleadings in whole or in part; …[and] (vi) rendering a default judgment against the disobedient party.' Fed. R. Civ. P. 37(b)(2)(A).").

"'[D]ismissal under Fed. R. Civ. P. 37 is a drastic remedy that should be imposed only in extreme circumstances,' usually after consideration of alternative, less drastic sanctions." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir. 1988) (citation and internal quotation marks omitted). "Severe sanctions are justified, however, when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1367 (2d Cir. 1991); *see National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976) (per curiam) (availability of severe sanctions, such as outright dismissal, necessary both to penalize parties whose conduct may warrant such a sanction and to deter others from similar conduct); *see also Burrell v. AT&T Corp.,* 282 F. App'x 66, 67-68 (2d Cir. 2008) (finding no abuse of discretion where district court dismissed complaint for

discovery abuse after the party was on notice of the possibility of dismissal and had suffered lesser sanctions but continued to obstruct discovery and fail to comply with court orders).

Such a severe sanction is warranted here. Defendant's continued failure to provide Rule 26(a) disclosures and Defendant's contention that mandatory disclosure is unnecessary because Plaintiff "is well aware of the two witnesses who carried out his termination" is an abuse of the judicial process. This Court has already acted once to excuse a lack of action on the part of defense counsel when, in its order on August 21, 2019, it set aside the entry of default for good cause. At that time, the Court saw fit to award the lesser sanction of attorneys' fees to Plaintiff. This small sanction, however, was not enough to deter Defendant. Despite the Court's order that discovery conclude by January 20, 2020, Defendant failed to provide disclosures by that deadline and still has not done so. This time, Defendant's persistent lack of disclosure has no excuse.

Accordingly, the Court grants Plaintiff's motion to dismiss Defendant's answer and grants default judgment to Plaintiff. Plaintiff has asked for the damages previously put forward in his Declaration of October 12, 2018 "to be amended with any and all additional damages that have accrued since the prior submission, plus all of Plaintiff's attorney's fees herein."

7

(ECF No. 23-1). Plaintiff shall submit a declaration detailing the total amount of damages to the Court within 30 days of the date of this order.

## CONCLUSION

For the reasons set forth above, the Court **grants** Plaintiff's motion to dismiss Defendant's answer and grants judgment to Plaintiff. Plaintiff shall submit an updated damages declaration to the Court within 30 days of the date of this order.

DATED at Burlington, Vermont, this 24th day of September, 2020.


/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge