UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

ROBERT FRANK,                        )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )     Case No. 1:17-CV-817
                                     )
VISIONS MULTI MEDIA GROUP – WUFO     )
RADIO LLC,                           )
                                     )
          Defendant.                 )

## OPINION AND ORDER

     Plaintiff Robert Frank brings this case against Visions
Multi Media Group-WUFO Radio LLC ("WUFO") alleging
discrimination resulting in job termination.  The Complaint
seeks monetary damages for lost wages and benefits, compensatory
damages for mental anguish and emotional distress, punitive
damages, reinstatement, interest, costs and attorneys' fees.
The Court previously entered a default judgment in Frank's favor
after WUFO's attorney failed to provide discovery.  WUFO now
moves, through newly-retained counsel, to vacate the default
judgment.  ECF No. 38.

     For the reasons set forth below, the Court **grants** the
motion to vacate.  Within 30 days of this Opinion and Order,
WUFO shall pay all fees and costs incurred by Frank in securing
the default judgment.  The parties shall also submit, within
that same 30 days, an expedited discovery schedule with a trial-

ready date no more than six months from the date of this Opinion
and Order.

## BACKGROUND

Frank filed his Complaint in this case on August 18, 2017.
WUFO answered the Complaint and filed affirmative defenses.  The
parties appeared on March 27, 2018 for a scheduling conference,
and a pretrial case management order was issued on April 2,
2018.  On April 30, 2018, Frank filed a motion to dismiss WUFO's
answer based upon opposing counsel's failure to comply with the
case management order.  On May 17, 2018, the Court issued a text
order setting a response deadline of June 18, 2018, and a reply
deadline of July 2, 2018.  On June 25, 2018, with no response
having been filed, the Court granted as unopposed Frank's motion
to dismiss defendant's answer.

On July 10, 2018, Frank applied to the Court to enter
default against WUFO pursuant to Federal Rule of Civil Procedure
55.  In support of his application, Frank submitted an affidavit
stating that WUFO had failed to provide mandatory disclosures
and to comply with mandatory ADR provisions.  The clerk's office
entered a default on July 11, 2018.

On October 16, 2018, Frank filed a motion for default
judgment.  After receiving an initial extension of time, WUFO's
attorney submitted a response to the motion explaining that due
to his heavy trial calendar he had "inadvertently failed" to

send discovery.  Counsel further informed the Court that he had
been ill.  On August 22, 2019, the Court denied the motion for
default judgment and set deadlines for filing an answer,
completing discovery, and filing pretrial motions.  The Court
also ordered that Frank was entitled to attorney's fees for time
spent on the default judgment requests and entry.  WUFO filed an
answer on September 21, 2019.

On February 21, 2020, Frank again moved to dismiss WUFO's
answer and for judgment in his favor, claiming that WUFO never
provided mandatory disclosures as required by Federal Rule of
Civil Procedure 26(a)(1).  WUFO's counsel opposed the motion,
arguing in part that disclosures were unnecessary because Frank
was aware of the witnesses involved in his firing.  The Court
found that the lack of disclosures warranted granting default
judgment.  WUFO's counsel subsequently requested additional time
in which the respond to the default judgment, asserting that he
had again been ill and was unable to attend to the case.  Given
that this was counsel's second request based on illness, the
Court ordered him to provide supporting medical records and/or a
letter from a health care provider for *in camera* review.  When
no such records were provided, the Court denied the request for
an extension of time.  Final judgment was entered on February 8,
2021.

WUFO has retained a new attorney and now moves for relief
from judgment, arguing that its shortcomings were due to the
actions, or inactions, of the previous "trusted attorney" who
had served WUFO competently in other proceedings.  Previous
counsel reportedly failed to communicate with WUFO about its
discovery responsibilities and, more generally, the true status
of the case.  Although WUFO's owner, Sheila Brown, was at one
point notified of the possibility of a default, former counsel
assured her that all was well.  When the default judgment was
entered, Ms. Brown learned about it through the media.  In sum,
Ms. Brown claims that she was misled and asks the Court to
vacate the judgment on that basis.  WUFO further submits that it
has valid defenses, that Frank will suffer no prejudice if the
default is vacated, and that newly-appointed counsel has been
instructed to handle the case with diligence and expedience.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) authorizes a court to
"grant a motion for relief from a judgment on the ground[s] of
'[mistake, inadvertence, surprise, or] excusable neglect,' Fed.
R. Civ. P. 60(b)(1), or for 'any other reason justifying relief
from the operation of the judgment,' Fed. R. Civ. P. 60(b)(6)."
*S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).  Motions to
vacate default judgments are "addressed to the sound discretion
of the district court," and the Court's determination is to be

4

guided by three principal factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *Id.* (citations omitted).

The party seeking to vacate a default judgment "bear[s] the burden of demonstrating that their default was not willful, that they have meritorious defenses, and that no prejudice would result from reopening the judgment." *State Street Bank and Trust Co. v. Inversiones Errazuriz, Limitada*, 230 F. Supp. 2d 313, 316 (S.D.N.Y. 2002) (citing *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)). "This burden is not trivial: if the moving party fails to make even one of the three aforementioned showings, vacatur should be denied." *Id.* (citation omitted). The Court also notes the Second Circuit's "preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). Similarly, default judgments have been described as "the most severe sanction which the court may apply, and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited." *Securities and Exch. Comm'n v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975).

WUFO first submits that its default was not willful. Willfulness refers to "conduct that is more than merely negligent or careless." *McNulty*, 137 F.3d at 738. A court should refuse to vacate a default judgment where there was deliberate conduct, such as "a strategic decision to default." *Am. Alliance Ins. Co., Lt. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996). Here, there is no indication of deliberate or willful conduct on the part of WUFO. For the most part, WUFO was unaware of any of the issues that led to the default judgment. When the possibility of default was mentioned, former counsel assured his client that the case was being managed appropriately. And to the extent that counsel failed to engage in discovery or otherwise litigate the case, those actions were reportedly the result of either overwhelming workload or counsel's illness.

WUFO next contends that it can present a meritorious defense. In order to establish a meritorious defense, a defendant need not prove the defense conclusively. *See McNulty*, 137 F.3d at 740; *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party."); *see also* 10A Fed. Prac. & Proc. Civ. § 2697 (4th ed.) ("The demonstration of a

6

meritorious defense is not expressly called for by the federal rules and, therefore, the nature and extent of the showing that will be necessary is a matter that lies within the court's discretion."). Here, WUFO submits that Frank was an at-will employee who was insubordinate; created an unpleasant work environment; and was found to have fabricated much of the past employment and experience that helped him secure the job. He was allegedly terminated after WUFO discovered his plot to take over the radio station. If proven, and not merely pretextual, these non-discriminatory reasons for termination would likely amount to a meritorious defense.

Finally, WUFO submits that vacating the default will not cause prejudice. The clearest forms of prejudice in this case would be expense and delay, neither of which have been found sufficient to uphold a default judgment. *See United States v. Chesir*, 862 F. Supp. 2d 286, 292 (E.D.N.Y. 2012) (citing *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005)). Courts instead consider whether "delay may thwart plaintiff's recovery or remedy," including whether the delay was so lengthy as to cause loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion. *Id*.

WUFO argues that there is no threat of loss of evidence because Frank received his entire employment record in the previous administrative proceeding before the New York

Department of Labor.  WUFO has also pledged to move forward with
expeditious discovery, as shown in part by its recently-served
Rule 26 disclosure and initial discovery requests.  In light of
that showing, the Court finds insufficient prejudice to warrant
maintaining the default judgment.

WUFO submits its motion under Rule 60(b)(6), which
"authorizes a district court to grant relief to a moving party
for any [other reason aside from those set forth elsewhere in
Rule 60] that justifies relief.  It is a grand reservoir of
equitable power to do justice in a particular case." *Stevens v.
Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks
and citation omitted).  "Relief [under Rule 60(b)(6)] is
warranted where there are extraordinary circumstances, or where
the judgment may work an extreme and undue hardship, and should
be liberally construed when substantial justice will thus be
served." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d
Cir. 2009) (internal quotation marks and citation omitted).

The circumstances in this case focus primarily on failures
by WUFO's former attorney.  "To be 'extraordinary circumstances'
for purposes of Rule 60(b)(6), a lawyer's failures must be so
egregious and profound that they amount to the abandonment of
the client's case altogether, either through physical
disappearance or constructive disappearance." *Harris v. United
States*, 367 F.3d 74, 81 (2d Cir. 2004).  This case meets that

8

demanding standard.  Apparently unbeknownst to his client,
counsel for WUFO was suffering from poor health and was often
unable to work on the case.  When counsel asked for yet another
extension of time and the Court ordered him to provide his
medical records for *in camera* review, he did not respond.  Both
WUFO and new counsel report that they have each tried to reach
him, and have received no response.  As a result of counsel's
intermittent absences from the case, default was entered,
vacated, and entered again.  WUFO, which diligently defended
itself in the prior proceeding before the New York State
Department of Labor, was either unaware of these issues or was
misled as to the case status.  At this point, former counsel has
disappeared from the case, new counsel has been retained, and
the case may now move forward.

## CONCLUSION

For the reasons set forth above, the motion to vacate
judgment (ECF No. 38) is **granted**.  The motion to strike Frank's
response to the motion to vacate (ECF No. 44) is **denied** as moot.
Within 30 days of this Opinion and Order, WUFO shall pay all
fees and costs incurred by Frank in securing the default
judgment and in defending against defendant's motion to vacate.
The parties shall also submit, within that same 30 days, an
expedited discovery schedule with a trial-ready date no later
than six months from the date of this Opinion and Order.

The hearing now scheduled for Monday, August 16, 2021 is cancelled.

DATED at Burlington, Vermont, this 12th day of August, 2021.

                              /s/ William K. Sessions III
                              Hon. William K. Sessions III
                              U.S. District Court Judge